## N. Y. COMMON PLEAS.

WILLIAM N. RAE agt. HENRY HARTEAU and WILLIAM N. BEACH.

*Appeal — Undertaking — when action against sureties may be commenced.*

To entitle a plaintiff to maintain an action against the sureties on an under-taking given in pursuance of section 348 of the Code for the purposes of an appeal, notice of entry of the order or judgment affirming the judgment appealed from must be served upon the adverse party ten days before the commencement of the action.

The commencement of the action before the lapse of ten days after notice, is fatal to the recovery.

This notice, like all other notices required by the Code, must be given in writing, and must be so explicit as plainly to give the information required by the statute.

The decision upon an appeal taken by the principal can, in no way, be effectually decided or disposed of by an "order," but only by a judgment of affirmance duly perfected.

An order is but a decision upon a motion, and is expressly distinguished from a judgment which is defined as the final determination of the rights of the parties. A judgment is to be entered in the judgment book and perfected by the filing of a judgment roll from which the right of appeal from a judgment would begin to run.

Notice of the judgment *so perfected* is the notice required by the statute (*Code, sec.* 348) to be served on the adverse party *ten days* before the commencement of the action on the undertaking.

*General Term, January*, 1877.

*Edwin T. Rice*, for plaintiff.

*B. F. Lee* and *Lewis Beach*, for defendants.

ROBINSON, *J.* — A judgment was recovered by plaintiff in the city court of Brooklyn against Lewis Beach on the 2d

Rae agt. Harteau.

day of October, 1872, for $527.96, which, on an appeal to the general term of that court, was affirmed by judgment finally entered on the 15th day of May, 1875, with $131.66 costs of affirmance.

These defendants became sureties in an undertaking given for the purposes of that appeal.

The decision on such appeal appears, by an order to that effect dated April 28, 1875, incorporated in the judgment roll and signed with the initials "G. G. R.," presumably those of judge REYNOLDS of that court, and also with the initials "G. W. K.," presumably those of George W. Knaebel, its clerk, but the costs were not taxed nor was the judgment perfected until the 15th of May, 1875.

The undertaking contained the provisions required by sections 354, 355 and 356 of the Code relating to appeals to a county court from justices of the peace, or to this court from judgments of district courts, instead of such as were required on appeals from such a judgment to the general term of the city court of Brooklyn by section 6 of chapter 470 of the Laws of 1870, assimilating such an appeal in all respects to that provided for in sections 348, 349 and 350, chapter 4, title 2 of the Code, wherein provision is made for a stay of proceedings upon the order or judgment appealed from in the manner provided for by sections 334 and 335.

The complaint alleges the entry of an order of affirmance of the judgment appealed from on the 28th day of April, 1875, and the service of a copy thereof on the twenty-ninth; also the issuing and return of executions upon the original judgment and that rendered on the appeal for costs wholly unsatisfied.

The answer of the defendants, so far as material to the question now passed upon, admitted the filing in the office of the clerk of the city court of Brooklyn by plaintiff's attorney of certain papers claimed to be a judgment in the original action on October 2, 1872, for $527.96, and also papers claimed to be a judgment against the appellant Lewis Beach

for costs of said appeal for the sum of $131.96 on the 15th day of May, 1875, but denied all other allegations in respect to said judgments.

The present action was commenced in July, 1876. The question that first presents itself on this appeal is as to the right of the plaintiff to maintain the action for want of service of any written notice of the entry of judgment of affirmance that was perfected on the 15th of May, 1875. In my opinion the objection to any recovery is, on this ground, fatal to plaintiff's claim. On the trial the only notice which the plaintiff proved to have been served on his behalf was a paper purporting to be a copy of the order signed by judge REYNOLDS and the clerk with their initials, before mentioned, but without any copy of said initials, or any indication that any such order had been previously signed, or any notice of its having been entered with the clerk of the court. The requirement of the entry of an order made upon any decision of a judge or court before any effect can be given to it is, under our system, a matter of substantial significance, and where granted by a judge in any judicial district must be entered with the clerk of the county in which the trial is to be had or the judgment to be filed. And in this respect the final entry of an order upon the decision of a judge or court, however otherwise formal, becomes a matter of materiality.

It was to such an "entry" of an order of affirmance that the three hundred and forty-eighth section of the Code has reference. Although in such a local court as that of the city court of Brooklyn much of the reason for the distinction in reference to the decision of the judges and the entry of orders thereon may not exist, the intention of the statute is yet clearly expressed and must have such construction as entitles it to a general application to all the courts of this state to which a common mode of entry of orders of affirmance is prescribed, with a view to the various purposes in respect to which such a perfected order becomes in any respect material.

If the present case depended alone upon the force and

effect of the decision and its entry as an order, a presumption might possibly be indulged that the clerk entered the order immediately after the decision was made. The notices required by the Code are always such as must be · given in writing (*sec.* 408), and must be so explicit as plainly to give the information required by the statute. The paper served in this case of what was or was to ·be, in terms, an order of the general term was without any indication of signature of judge or clerk, and with a mere indorsement (*Ex. H., p.* 26) of the title of the cause, followed by these words : " Copy order affirming judgment. To Diefendorf & Beach, attorneys for appellant. Brainerd & Rice, attorneys for respondent." It conveyed no proper intimation that any such order had been entered with the clerk of the court. But, notwithstanding such a written decision of the general term may have been entered with the clerk, it did not become a judgment of affirmance, and no such judgment had been perfected so as to become the subject of further appeal as contemplated by the provisions of the Code, above referred to, at the time of serving such paper styled " copy order."

The amendment to section 348 of the Code by the act of 1862, while providing that no action should be commenced upon any undertaking given in pursuance of the provisions of that section, until ten days after the service of notice of the entry of the order or judgment affirming the judgment appealed from, had in contemplation, in addition to mere judgments appealed from, such orders as affirmed by the general term, in respect to which further appeals might be taken to the court of appeals, but also such orders or affirmance of orders appealed from in respect to which security had been given on the appeal to effect a stay of proceedings thereon, pursuant to the provisions of sections 334 to 339 of the Code (*Staring* agt. *Jones,* 13 *How.,* 423 ; *Smith* agt. *Hermans,* 18 *id.,* 261 ; *Niles* agt. *Battershall,* 26 *How.,* 93).

The three hundred and forty-ninth section, giving such right of an appeal from orders, provides they may be taken

Rae agt. Harteau.

" in like manner and with like effect" as from judgments, as allowed by section 348.

The manifest intention of the amendment of 1862, above referred to, passed after the other provisions of section 348 and 349 had gone into effect, and allowing appeals in common from judgments and orders " in like manner and with like effect," must be taken distributively, as requiring the notice of ten days to be given before suit brought on the undertaking in case of the affirmance of an order, as well as upon the affirmance of a judgment.

The object of the notice in either case is to enable the principal debtor to protect his sureties, either by a further appeal to the court of appeals or to provide for payment before suit brought on the undertaking, or to afford time to take some measure for their relief.

The decision upon the appeal taken by Beach, the principal, could in no way be effectually decided or disposed of by an " order," but only by a judgment of affirmance duly perfected.

An order is but a decision upon a motion, and is expressly distinguished from a judgment (*Code, sec.* 400), which is defined (*Code, sec.* 245) as the final determination of the rights of the parties. A judgment is to be entered in the judgment book and perfected by the filing of a judgment roll (*secs.* 280 *and* 281), from which the right of appeal from a judgment would begin to run (*Sec.* 331).

No notice of the judgment so perfected on May 15, 1875, in the appeal in question, was ever served. The requirements of the statute (*Code, sec.* 348) are, on this subject, in terms equally positive with those of section 332, in which like terms are used and have been judicially passed upon (*Staring* agt. *Jones, supra; Walton* agt. *Nat. Loan Soc.,* 19 *How.,* 515).

The considerations calling for a strict construction of the statute as to the necessity of the service of the ten days' notice of the judgment (as perfected), above suggested, are equally imperative, and its necessity to entitle the plaintiff to maintain an action against the sureties has been expressly recog-

Rae agt. Harteau.

nized in the general term of the supreme court (third district) in *Porter* agt. *Kingsbury* (5 *Hun*, 597), not only holding the notice necessary, but that service must be averred in the complaint.

In this view of the rights of the parties, it becomes unnecessary to consider the legal force of the undertaking given under the forms prescribed by sections 354, 355 and 356 of the Code, without exception taken to it as varying from the particular instrument required under sections 334, 335 and 348, or any other of the extremely technical objections occurring during the trial.

Being of the opinion that the suit was, in any view taken of these latter objections, prematurely brought, the judgment should be reversed and a new trial should be ordered, with costs to abide the result.

LARREMORE and J. F. DALY, JJ., concur.